JUDGE STITES
delivered the opinion of the court. (Judge Wood did not sit in this case.)
It is provided by the Revised Statutes, (chap. 22, sec. 11, p. 194,) that “bills, drafts, or checks, payable in bank notes or currency, or other funds, wheresoever drawn or payable, shall be deemed negotiable, and treated in all respects as if drawn for *570 money, except as to the value of the currency in which they are payable.”
The bill sued on here is for $625 45, “ payable in current exchange in Bank of Kentucky at Louisville, Kentucky.” It was declared on as a bill for money. It comes within the class of paper provided for by the act supra, and should be treated as a bill of exchange. It is for a certain sum of money, payable in “ current exchange,” which terms signify, in commercial parlance, current funds — certainly funds of some kind.
The variance between the bill filed and that described in the petition was, in our opinion, immaterial, and certainly furnished no ground of demurrer. Neither was there apparent upon the face of the petition a defect of parties plaintiff. The bill was payable to A. J. Morrison & Co., and the suit was brought in that name. Whether there was more than one payee, or whether A. J. Morrison & Co. was a firm, consisting of more persons than one, does not appear from the petition. If such was the fact, it devolved upon the defendant to show it, and he then could have compelled an amendment by motion to that effect. To constitute a ground of demurrer, the defect of parties complained of should appear from the petition.
It seems to us that the petition disclosed a substantial cause of action, and that there was no valid ground of demurrer.
Wherefore, the judgment of the circuit court sustaining the demurrer is reversed, and cause remanded with directions to overrule the same, and for further proceedings not inconsistent with this opinion.