## Fried v. Holloran et al.

(Decided Feb. 25, 1938.)

KRIEGER & HUFFAKER and LEONARD J. PERRIN for appellant.

JOSEPH W. CAMBRON for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Appellant, plaintiff below, brought this suit in the Jefferson circuit court to recover of appellees, defendants below, on a note executed by defendants to the Atlas Construction Company, and assigned by it to the plaintiff.

The original petition is styled "Colonial Finance Company, plaintiff," and it is alleged in the petition that plaintiff is a corporation of the state of Pennsylvania, etc., but later by amended petition the error was corrected, alleging that through an error or mistake it was alleged that plaintiff was a corporation when in truth and in fact the plaintiff is Emanuel F. Fried, an individual, trading and doing business under the firm name of Colonial Finance Company.

Omitting the caption and other formalities, the petition reads as follows:

"Plaintiff states that on March 12, 1935, the defendants, for a valuable consideration, signed and executed their promissory note to the Atlas Construction Company, by which note the defendants promised, agreed and obligated themselves to pay to the Atlas Construction Company the sum of Eight Hundred Ninety Five ($895.00) Dollars, thirty (30) days after March 12, 1935, together with interest thereon at the rate of 6% per annum from maturity until paid.

"Plaintiff states that prior to maturity, and prior to the time said note became due, the Atlas Construction Company, for a valuable consideration, assigned said note to this plaintiff and plaintiff is now the holder thereof, in due course and without notice; plaintiff states that it has made demand upon defendants and each of them for the payment of said note, together with interest thereon, and that the defendants have failed and refused to pay said note or any part thereof, and that the said note is now past due, by reason of all of which the defendants are justly indebted to plaintiff in the sum of Eight Hundred Ninety-five ($895.00) Dollars, with interest thereon from April 12, 1935, until paid."

The petition was filed in October, 1935, and the case was carried on the docket until December, 1936, during which time various dilatory motions were filed, but defendants filed no answer and the case was finally submitted for judgment upon the respective motions of the plaintiff and defendants, each moving for a judgment in his favor, and the court entered judgment dismissing plaintiff's petition. Plaintiff then moved the court to set aside the judgment and grant him a rehearing, which motion the court overruled, and plaintiff has appealed.

The court rendered a memorandum opinion which is filed with the record, as follows:

"According to the record, defendants executed to the Atlas Construction Company on March 12, 1935, a note, payable thirty days thereafter for $895. It is alleged in the petition that the Atlas Company assigned the note to plaintiff, a corporation, under circumstances making it a holder in due course. It developed according to an amended petition that the Colonial Finance Company is the name under which Emanuel M. Fried transacts business.

"Defendants are pressing a number of motions addressed to the petition. Plaintiff has filed a motion for judgment.

"The note purports to have been executed in Louisville, payable at a Cincinnati bank. The payee, Atlas Construction Company, naturally would be

taken to be a corporation. The Colonial Finance Company, or Fried, doing business under that name, claims to be the holder of that note in due course under an assignment for value. On the back of the note is written: 'Atlas Construction Co. by Aaron Klein Partner.' This endorsement was ineffective to pass title to the paper to the Colonial Finance Company, or Fried, or any one else. If the Atlas Construction Company was a corporation, its endorsement should have been made by its President or some authorized agent. If it was a partnership, the partners should have been payees of the note. Judgment for defendants.''

Under the status of the record before us, the action of the court in dismissing plaintiff's petition was in effect to sustain a demurrer thereto. It is seen from the opinion of the court below that it dismissed the plaintiff's petition upon the ground that the name of the payee of the note, ''Atlas Construction Co.,'' warranted the conclusion or was prima facie that the payee was a corporation and the assignment of the note, ''Atlas Construction Co. by Aaron Klein Partner,'' was ineffective to pass title to the paper to the plaintiff, assignee, or any one else; and, if the Atlas Construction Company was a partnership, all the partners should have been named and made payees of the note.

What would be a proper solution of the case were it an action between the original parties to the note— appellees and Atlas Construction Company—we need not determine. The case must be determined according to the law of negotiable instruments duly transferred and assigned to a holder in due course.

It is alleged in the petition, and not denied, that before maturity and for a valuable consideration Atlas Construction Company assigned the note to the plaintiff and that he is now the holder thereof in due course and without notice.

Kentucky Statutes, sec. 3720b-41, reads:

''Where an instrument is payable to the order of two or more payees or endorsees *who are not partners,* all must endorse unless the one endorsing has authority to endorse for the others.'' (Our italics.)

From the indorsement on the note it appears that

the payee was a partnership and the indorsement is prima facie that the partner making the assignment had the authority to indorse for the other partner, thus bringing it within the exception of the Statutes, supra, and the burden then shifted to the defendants to establish by pleading and proof that the partner or purported partner who made the assignment was without authority to do so.

Section 3720b-18 of the Statutes provides that:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name."

It is thus seen that the statute does not prohibit the assignment of a negotiable instrument in a trade or assumed name, but by implication recognizes such right, and provides that the person who makes such an assignment will be liable to the same extent as if he had signed it in his own name.

Section 3720b-60 of the Statutes reads as follows:

"*Maker's liabilities.*—The maker of a negotiable instrument by making it engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to endorse."

Measuring the note here involved to the last-quoted Statute, supra, appellees engaged that they would pay the note according to its tenor (the face of the note) and admitted the existence of the payee. Atlas Construction Company, and admitted the capacity of the Atlas Construction Company to indorse the note.

In the case of Morrison & Co. v. Tate, 1 Metc. 569, 58 Ky. 569, the bill sued on was payable to "A. J. Morrison & Co." and suit was brought in that name without setting out whether A. J. Morrison & Co. was a firm consisting of more persons than one or whether it was a corporation or partnership. The court sustained a demurrer to the petition and upon appeal to this court the judgment was reversed. The court said:

"Whether there was more than one payee, or whether A. J. Morrison & Co. was a firm, consisting of more persons than one, does not appear from the petition. If such was the fact, it developed upon

the defendant to show it, and he then could have compelled an amendment by motion to that effect.

To constitute a ground of demurrer, the defect of parties complained of should appear from the petition.

"It seems to us that the petition disclosed a substantial cause of action, and that there was no valid ground of demurrer."

Wherefore, it is our conclusion that the court erred in dismissing plaintiff's petition.

Judgment reversed and remanded for proceedings consistent with this opinion.